# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    **v.**                            **Case No. 17-CR-187**

LAURA L. WALTON,

    **Defendant.**

## ORDER ON DEFENDANT'S MOTION
## TO RECONSIDER DETENTION ORDER

Laura L. Walton is charged with five counts of Hobbs Act robberies of businesses, four counts of brandishing a firearm, and one count of discharge of a firearm during a crime of violence. She has pled not guilty. Back on October 27, 2017, after a conducting a bond hearing, I found that Walton presented a danger to the community and ordered her detained pending trial. (Docket # 6.) Walton seeks reconsideration of that order pursuant to 18 U. S. C. § 3142(f)(2). (Docket # 19.)

Under the Bail Reform Act, a defendant may be detained pending trial when the government is able to establish by clear and convincing evidence either that the person presents a serious risk of flight or a serious risk of danger to another person or the community. *See United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir. 1985). Section 3142(e) explicitly provides that the court shall order pre-trial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 1342(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the court must consider:

(1)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including—

(A) the person's character, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). All of these factors must be balanced in making the ultimate determination of whether a defendant should be released on bond. *See Diaz*, 777 F.2d at 1238 (ultimate decision whether to detain "depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)").

The Bail Reform Act also creates several "rebuttable presumptions" to be applied when determining whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant at trial and the safety of the community. As relevant here, one of those presumptions applies specifically to persons charged with crimes of violence. 18 U.S.C. § 3142(e). To rebut this presumption, a defendant must come forward with sufficient evidence that he will not flee or endanger the community. *Dominguez*, 783 F.2d at 706. This does not necessarily require a showing that the defendant is not guilty of the crimes charged. *Id.* at 707. Rather, the defendant could also show that "the specific nature of the crime charged, or that something about their individual circumstances, suggest that 'what is true in general is not true in the particular case . . . .'" *Id*. "Any evidence favorable to a defendant that comes within a category listed in § 3142(g)

can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)." *Id.* at 707.

Even if a defendant is able to rebut one or both of the presumptions (flight risk or danger to the community), they do not drop out of the detention analysis. The Seventh Circuit explained:

> [They do] not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met, the presumption is "rebutted" . . . . Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).

*Id*. at 707; *see also Diaz*, 777 F.2d at 1238. Consistent with a criminal defendant's presumption of innocence, the burden of persuasion remains with the government once the burden of production is met. *Dominguez*, 783 F.2d at 707.

In this case, Walton presented sufficient facts to rebut the presumption of detention. Walton is born and raised in Milwaukee. (Pretrial Service Report, Docket # 3.) At the time of her arrest, she was living with her mother with whom she proposes to live with if released. Her father, with whom she also has a good rapport, also lives in the Milwaukee area. She also has good relationships with her siblings. *Id*. Walton has a three-year old son. She has no criminal history. She was employed at the time of her arrest. *Id*.

However, as explained above, even when the presumption is rebutted, it remains one of the many factors that I must consider and weigh under § 3142(g). Weighing the factors to be considered under § 3142(g), I find that the government has met its burden of showing by clear and convincing evidence that Walton presents a risk of danger to the community such that no reasonable condition

or combination of conditions will reasonably assure the safety of the community. Although a defendant's past dangerousness is not sufficient on its own to warrant detention, it is relevant "to the extent that his past conduct suggests a likelihood of future misconduct." *Dominquez*, 783 F.2d at 707. Walton is charged with five armed robberies of businesses, four counts of brandishing a firearm during a crime of violence, and one count of discharging a firearm during a crime of violence. Beyond the number of armed robberies charged, the alleged manner they were committed, and that both Walton and her co-defendant were in possession of loaded firearms at the time of their arrest, I find particularly relevant to the assessment of future dangerousness the fact that these five armed robberies were allegedly committed over a mere three day time span. While Walton's past conduct of juggling work, school, and family responsibilities are admirable, her alleged crime spree suggests unpredictability, a lack of control, or impulsiveness which would pose a serious risk of future danger to the community.

Walton, understandably, has good reasons to want to be out of custody while awaiting trial in her case. She wants to resolve medical issues, seek drug and mental health treatment, arrange custody for her son in the event of receiving a prison sentence, and most importantly spend time with her son and prepare him for a possible future separation from her if she is sent to prison. However, these valid and sympathetic reasons for wanting to be released do not overcome the finding that Walton's alleged crime spree suggests a serious risk of danger to the community. I will, therefore, respectfully decline to release Walton pending trial in this case.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge